IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TONY EUGENE GRIMES, #148 206, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v ) | CIVIL ACTION NO.: 3:10-CV-746-TMH |
| ) | [WO] |
| GARY HETZEL, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION AND PROCEDURAL HISTORY**

Petitioner filed this 28 U.S.C. § 2254 petition for habeas corpus relief on August 23, 2013.¹  On November 15, 1994, a jury convicted Petitioner of attempted murder.  On December 13, 1994, the Circuit Court for Lee County, Alabama, sentenced Petitioner to life imprisonment without the possibility of parole pursuant to the Alabama habitual offender law then in effect.  *See* Ala. Code 1975 § 13A-5-9(c)(3).

> The Alabama legislature subsequently amended § 13A-5-9, such that trial judges were granted authority to retroactively consider early parole sentences for non-violent, convicted offenders based on evaluations performed by the Alabama Department of Corrections ("DOC") and approved by the Board of Pardons, provided that such offenders had no prior Class A felony convictions. The Alabama Supreme Court recently held in *Kirby v. State*, 899 So.2d 968, 971-72 (Ala. 2004), that Alabama trial courts now have authority to consider

---

¹ Although the petition was filed in this court on September 7, 2010, it was signed by Petitioner on August 23, 2010. Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing, presumptively the date it is signed by the petitioner. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). Accordingly, the court considers the instant petition as being filed on August 23, 2010.

prisoners' motions for reduction of sentence under that statute. . . .

Under the [amended] Alabama Habitual Felony Offender Act ("AHFOA"), in all cases when it is shown that a criminal defendant has been previously convicted of any three felonies, none of which are Class A felonies, and after such convictions has committed another felony, which is a Class A felony, such defendant must be punished by imprisonment for life or life without the possibility of parole, in the discretion of the trial court. Ala. Code 1975 § 13A-5-9(c)(3). In 2001, the Alabama legislation adopted a statute which provided as follows:

> The provisions of Section 13A-5-9 [including § 13A-5-9(c)(3), described above,] shall be applied retroactively by the sentencing judge or presiding judge for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court.

Ala. Code 1975 § 13A-5-9.1.

. . .

[In *Kirby*], the Alabama Supreme Court held that "§ 13A-5-9.1 provides that an inmate may ask the sentencing judge or the presiding judge for relief from a previous sentence imposed pursuant to the [A]HFOA and provides that the court is to consider the evaluation of the DOC in considering the inmate's motion." *Kirby*, 899 So.2d at 971. The court further held that § 13A-5-9 "confers jurisdiction on the sentencing judge or the presiding judge by giving that judge the power to apply the provisions of §13A-5-9 retroactively to 'nonviolent convicted offenders'." *Id.* Thus, state trial judges have jurisdiction to consider an Alabama prisoner's motion to reconsider his sentence and the authority under the statute to determine whether the prisoner is a nonviolent offender based on factors brought before the judge in the record of the case and information submitted by the DOC and the Parole Board. *Id*. at 974.

*Curry v. Culliver*, 141 F. App'x 832, 833-34 (11th Cir. 2005) (unpublished).

In 2007, Petitioner filed a motion for reduction of sentence under § 13A-5-9.1 with

the Circuit Court for Lee County, Alabama. After considering Petitioner's *Kirby* motion, the state court denied relief in an order filed April 4, 2008. (*Doc. No. 12, Ex. E - Part 2 at 45-47*.) On appeal from this decision, the Alabama Court of Criminal Appeals affirmed the lower court's decision in an unpublished opinion released April 24, 2009, holding that:

> In the present case, the trial court carefully considered the factors set out in Kirby, supra, Holt, supra, and Gunn, supra, and determined that:
>
>> "Reviewing the Defendant's file, the Defendant has previously filed a Kirby petition in 2005. In response to the Defendant's previous Kirby petition, the Court denied relief based on the nature of the Defendant's offense, and further on the disciplinary record of the Defendant while in the custody of the Alabama Department of Corrections. The Court's Order denying the Defendant's first Kirby petition is attached as "Exhibit A". The Court waited to address the Defendant's latest Kirby petition based in part on the outcome of the Gunn case and to determine if the Court had jurisdiction to consider the second petition. It now appears that based on Gunn, the Court may address the Defendant's second Kirby Petition.
>>
>> "After careful consideration of the Defendant's petition, the Court hereby denies the Defendant latest Kirby petition. The Court reiterates its opinion as to the fourth element, specifically that the Defendant was found guilty of attempted murder of an Auburn Police detective on November 15, 1994, and attempted murder is considered a violent crime in the State of Alabama. According to Kirby, in order to help aid in determining if the Defendant is a non-violent offender, 'the Court should consider the inmate's conduct while incarcerated.' The Court has followed those guidelines during the Defendant's previous Kirby Petition as well as in the current petition. Further, the Defendant has failed to demonstrate any acceptance of responsibility for the crime which subsequently placed him in the penitentiary without the possibility of parole. In addition, the Court bases its opinion on previous evidence of the Defendant's failure to abide by rules of the Alabama Department of

> Corrections, as well as the nature of the original offense charged. Basically, not enough time has passed since the Defendant's first Kirby petition and the second Kirby petition that would make any material difference in the Court's first ruling."
>
> (C. 98-99.) (Footnote omitted.)
>
> In this case, the trial court carefully considered the motion for sentence reconsideration and evaluated the offender. The trial judge's determination that he is not a non-violent offender rested in his discretion. There was no abuse of that discretion.

(*Id. Ex. G*.) The appellate court overruled Petitioner's motion for rehearing on August 7, 2009. (*Id. Ex. H*.) On April 9, 2010, the Alabama Supreme Court denied Petitioner's petition for writ of certiorari. (*Id. Ex. I*.) Petitioner filed this federal habeas petition on August 23, 2010. In his petition, as amended, Petitioner maintains he qualifies for a sentence reduction under the amendments to § 13A-5-9, and, claims the trial court improperly deprived him of due process and equal protection upon its denial of his second request for reconsideration of sentence filed with the trial court in January 2007 pursuant to § 13A-5-9.1. Upon review of the claims presented by Petitioner, Respondents' answer, Petitioner's response, and in light of applicable federal law, the court concludes that Petitioner is not entitled to federal habeas relief.

## II. DISCUSSION

*A.   Due Process*

Petitioner asserts that the trial court violated his right to due process when it denied

-4-

his request to reconsider his sentence pursuant to the authority found in Ala. Code § 13A-5-9.1. In support of his allegation of a due process violation, Petitioner complains that the state court failed to hold an evidentiary hearing on his motion so that he could develop a factual predicate to include presentation of character witnesses who would demonstrate his suitability for relief under Ala. Code § 13A-5-9.1. Petitioner further asserts that the trial judge's handling of his motion conflicted with due process clause where the court considered information regarding a prison disciplinary that Petitioner maintains is erroneous. The absence of an evidentiary hearing, Petitioner claims, denied him the opportunity to be heard in reference to the alleged "false material." (*Doc. Nos. 1, 30, 59*.)

Under 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." "'A state's interpretation of its own laws and rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.' *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983) (citations omitted)." *Curry*, 141 F. App'x at 834. Thus, to the extent Petitioner asserts that he was denied due process by the state court's denial of his motion for reduction of sentence on the basis that he "met the criteria" for a reduction under § 13A-5-9.1 set forth by the Alabama Supreme Court in *Kirby*, "[t]his is purely a question of state law, and, as such, provides no basis for federal habeas corpus relief. *See Carrizales*, 699 F.2d at 1055." *Curry*, 141 F. App'x at 834.

In this case, Petitioner's claims constitute a challenge to the authority of the state trial judge as exercised in his decision to deny Petitioner's request for a sentence reduction based on evidentiary submissions regarding Petitioner's conviction for attempted murder, his failure to accept responsibility for his crime, and a demonstrated failure to abide by prisons rules and regulations. Only in state law are the terms and requirements for a request for sentence reduction set. This procedure is not set out or required by federal law. *See Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir. 1988) (although the petitioner alleged violations of federal law, petition was based exclusively on state law issues, which were merely "couched in terms of equal protection and due process."). State law issues may be reviewed in this federal forum only when the alleged errors were "so critical or important to the outcome of the [proceeding] to render the entire [proceeding] fundamentally unfair." *Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991). The Supreme Court "'ha[s] defined the category of infractions that violate 'fundamental fairness' very narrowly.'" *Estelle*, 502 U.S. at 73 (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)). The instant case is not one in which, even assuming there were any errors, they amounted to critical errors such that a constitutional violation is apparent.

To the extent Petitioner argues that he has a due process right to be fairly considered for a sentence reduction and that the state court relied on false information to deny his request, he is entitled to no relief. Petitioner's assertion of erroneous information does nothing more than raise the possibility that the information complained of may be false.

Assuming, *arguendo*, that the disciplinary in question is erroneous, Petitioner's dispute over its validity is unavailing as there is no evidence before the court that the state court relied on the alleged false information as the basis for its decision to deny Petitioner's request for a sentence reduction. *Cf. Hewitt v. Helms*, 459 U.S. 460, 467 (1983) ("[P]rison officials have broad administrative and discretionary authority over the institutions they manage and . . . lawfully incarcerated persons retain only a narrow range of protected liberty interest . . . broad discretionary authority is necessary because the administration of a prison is 'at best an extraordinarily difficult undertaking,' . . . and . . . to hold . . . that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts."). Rather, it is clear that the state judge considered several factors before denying Petitioner's request for a sentence reduction including his conviction for a violent crime and his conduct while incarcerated, which included a conviction for escape following his incarceration on the attempted murder conviction as well as the imposition of several prison disciplinaries, including possession of drugs, disorderly conduct, and threatening a correctional officer.[2] (*Doc. No. 12, Exs. C, E - Part 2*.)

In this case, Petitioner has not shown that the state court's decision to deny his request

---

[2] In its order denying Petitioner's motion for a sentence reduction, the state judge noted that *Kirby* directed the state courts to consider an inmate's conduct while incarcerated, and that it had followed those guidelines not only when it denied Petitioner's first request for a sentence reduction under *Kirby* but in his second *Kirby* petition as well. (*See Doc. No. 12, Ex. E - Part 2 at 46; Ex. C at 1-2*.)

for a sentence reduction under §13A-5-9.1 resulted in a violation of his right to due process. His request for habeas relief on this claim is, therefore, due to be denied.

B.   *Equal Protection*

Petitioner asserts that the state court granted a white inmate, also convicted of attempted murder, an opportunity to submit character witness evidence via an evidentiary hearing to support his request for a sentence reduction and yet declined to hear or consider Petitioner's character witness evidence with respect to his request for a sentence reduction under § 13A-5-9.1. Petitioner contends that the trial court afforded the similarly situated inmate more favorable treatment on account of his race thereby violating Petitioner's right to equal protection. (*Doc. Nos. 1, 30, 59.*)

"Despite the tendency of all rights 'to declare themselves absolute to their logical extreme,' there are obviously limits beyond which the equal protection analysis may not be pressed. . . . The Fourteenth Amendment 'does not require absolute equality or precisely equal advantages,' . . . nor does it require the State to 'equalize [treatment among prisoners].'" *Ross v. Moffitt*, 417 U.S. 600, 611-12 (1974); *Hammond v. Auburn Univ.*, 669 F. Supp. 1555, 1563 (M.D. Ala. 1987) ("The Equal Protection Clause of the Fourteenth Amendment does not require all persons to be treated either identically or equally."). To establish a claim cognizable under the Equal Protection Clause, "a prisoner must [at a minimum] demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and

(2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318-19 (11th Cir. 2006). "[O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact . . . . Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264-65 (1977). "'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Pers. Adm'r of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). Evidence which merely indicates disparity of treatment or even arbitrary administration of state powers, rather than instances of purposeful or invidious discrimination, is insufficient to show discriminatory intent. *McKleskey v. Kemp,* 481 U.S. 279, 292 (1987) (simple disparity of treatment between individuals of different races is insufficient to establish discrimination). "The requirement of intentional discrimination prevents a prisoner from bootstrapping all misapplications of [rules and regulations] into equal protection claims. 'Probably no law contrived by man for his own governance ever has had or will be enforced uniformly and without exception. But the

Constitution does not demand perfection.'" *E & T Realty*, 830 F.2d at 1114. Consequently,

> "[p]roof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." *Arlington Heights*, 429 U.S. at 265, 97 S.Ct. 555. Indeed, it is well established that proving intent to discriminate is the essential element of an equal protection claim. *See, e.g.*, *Hernandez v. New York*, 500 U.S. 352, 359-60, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991) ("A court addressing [an equal protection claim] must keep in mind the fundamental principle that 'official action will not be held unconstitutional solely because it results in a racially disproportionate impact. . . . Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.'" (omission in original) (quoting *Arlington Heights*, 429 U.S. at 264-265, 97 S.Ct. 555)); *Washington v. Davis,* 426 U.S. 229, 240, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976); *Johnson v. Bush,* 405 F.3d 1214, 1218 (11th Cir. 2005); *Citizens Concerned About Our Children v. Sch. Bd.,* 193 F.3d 1285, 1294 (11th Cir. 1999); *Elston v. Talladega County Bd. of Educ.*, 997 F.2d 1394, 1406 (11th Cir. 1993); *Mencer v. Hammonds*, 134 F.3d 1066, 1070 (11th Cir. 1998); *Parks v. City of Warner Robins*, 43 F.3d 609, 616 (11th Cir. 1995).

*Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1348-49 (11th Cir. 2005).

"'Discriminatory purpose[]' . . . implies more than intent as volition or intent as awareness of consequences . . . . It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Pers. Adm'r of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979). In a case such as this one, where an inmate challenges actions of a state court judge, exceptionally clear proof of discrimination is required. *Cf. Fuller v. Georgia Bd. of Pardons & Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). Mere differential treatment of convicted felons, without more, fails to allege a violation of the Equal Protection Clause. *E & T Realty, supra*.; *McKleskey v. Kemp*, 481 U.S. 279 (1987) (claims of mere disparity of

treatment are insufficient to establish discrimination). Thus, Petitioner must show through specific, substantial evidence that the state judge intentionally discriminated against him due to his race. *Arlington Heights*, 429 U.S. at 265; *Wallis v. J. R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994). Purposeful discrimination can be shown either by direct evidence, *i.e.*, through personal admissions, or indirectly by way of substantially probative circumstantial evidence. *Arlington Heights*, 429 U.S. at 265-66. Conclusory allegations of a constitutional violation are insufficient. *Anderson v. Liberty Lobby*, 477 U.S. at 252.

Petitioner, who is black, alleges that the state court judge denied him an evidentiary hearing and/or failed to allow him to present character witness evidence with respect to his *Kirby* motion but afforded a similarly situated white inmate such opportunity in conjunction with his request for a sentence reduction.[3] Assuming, without deciding, that Petitioner and the white inmate he alleges received more favorable treatment were similarly situated, Plaintiff has utterly and completely failed to present any evidence, significantly probative or otherwise, that racial discrimination or purpose constituted a motivating factor in the actions of the state judge about which he complains. It is not enough to simply make an allegation of an equal protection violation and none of the evidence presented by Petitioner warrants an inference of discriminatory intent as the showing of a disparate impact upon racially diverse inmates is insufficient to demonstrate an equal protection violation. *E & T Realty*,

---

[3] Petitioner maintains that he and the same inmate referenced in the instant petition received the same treatment with respect to their first motions seeking a sentence reduction in that the trial court denied them both an evidentiary hearing and relief on their *Kirby* motions filed in 2004. (*See Doc. No. 30*.)

830 F.2d at 1114-15; *Horner v. Kentucky High Sch. Athletic Ass'n*, 43 F.3d 265, 276 (6th Cir. 1994); *see also E & T Realty*, 830 F.2d at 1114 (the arbitrary application of administrative rules does not run afoul of the Constitution). Petitioner simply makes the conclusory legal assertion that the state judge failed to afford him an opportunity to present witness testimony or hold an evidentiary hearing on his *Kirby* motion which amounted to racial discrimination because the judge afforded more favorable treatment in this regard to a white inmate. Beyond this self-serving and conclusory allegation, Petitioner produces nothing which suggests racial animus motivated the actions of the state judge. Petitioner, therefore, is not entitled to habeas relief on his equal protection claim.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The petition for habeas corpus relief filed by Petitioner be DENIED; and

2. This case be dismissed with prejudice.

It is further

ORDERED that on or before **April 2, 2013**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that

this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 19th day of March, 2013.

            /s/ Wallace Capel, Jr.
            WALLACE CAPEL, JR.
            UNITED STATES MAGISTRATE JUDGE